PeaesoN, C. J.
 

 We are of opinion that the- bill does not show on its face any equity against the defendants Frederick and Emily, who are the plaintiffs in the- action at law, and, consequently, the injunction was improvidently granted.
 

 Suppose an infant sells a negro, receives the purchase-money and spends it, and afterwards avoids the contract by a demand of the negrq, and a recovery in trover for his value, a pfinrt of eauitv enioin him from íoo-moo- p-s-<v*ntion. un
 
 *211
 
 less he will repay the purchase-money, or enter credit for the amount on his judgment? If so, the policy of the law in protecting infants against their supposed want of discretion, will be defeated ?
 

 Or suppose an infant exchanges negroes, and the negro received by him is sold and carried to parts unknown, and af-terwards he avoids the contract by a demand of the negro given by him in exchange, and a recovery in trover for his value, will a court of equity enjoin him from issuing execution unless he will return the negro received by him, or account for the value? No authority was cited in support of the position, and it is manifest, that such an interference by a court of equity would, in eífect, deprive infants of the protection of the law, and subject them to all the consequences of their want of discretion.
 

 In these cases, it is assumed that the infant is a party to the contract, but in the case made by the bill, waiving the objection that as the deed to Gervais recites for its consideration “ brotherly love and affection,” and the sum of “ ten dollars cash,” it is not admissible to add to and contradict the deed by averring, that in point of fact, the real consideration was ne-groes Robin and Burton, there is no allegation that the infants Frederick and Emily were parties to the supposed exchange of negroes, and the amount of it is, that the plaintiff, by an arrangement with the parents and friends of the infants, took Robin and Burton, two negroes belonging to them, and converted them to his own use, and in lieu thereof, and by way of compensation, executed the deed to Gervais, conveying certain other slaves in trust for the parents during life, and then in trust for their children, including the defendants, Frederick and Emily.
 

 The question is, when Frederick and Emily bring an action of trover against the plaintiff and recover damages for the conversion of Robin and Burton, has the plaintiff an equity to enjoin the collection of the judgment, on the ground, that the negroes conveyed by him to Gervais, are in the State of Arkansas, where they were at the date of the conveyance,
 
 *212
 
 and some of them have been disposed of by the father of Frederick and Emily 2 In other words, can the legal rights of these infants be fettered and embarrassed by reason of an alleged arrangement with their parents — to which they were not parties, which was obviously against their interest — under which they have not acted or taken benefit, and which they repudiated and avoided by instituting their action at law for the conversion of Robin and Burton 2 A bare statement of the case is the strongest argument that can be made on the part of the
 
 infants;
 
 because it shows that if Equity interposes against them under such circumstances, the protection which the law gives to infants, is illusory; and not only so, but that their property may be taken from them without any contract on their part, but simply by force of an understanding among their parents and friends, in respect to which they were tors young to be consulted, and under which they have taken no benefit, but; on the contrary, disavow and repudiate it?
 

 There is error in the decretal order by which the injunction was continued until the hearing. The injunction ought to be dissolved. This will be certified.
 

 Pee CuexaM, Decretal order reversed.